## SOLOMON CLAPP *versus* JAMES W. LEATHERBEE.

A mortgage of real estate was made to secure the payment of a negotiable promissory note, and the mortgagee, not being in possession, assigned the mortgage, during the pendency of an action against him for slander, in order to avoid more effectually the judgment which might be recovered against him, and subsequently died solvent, and his administrator assigned the same mortgage to a *bonâ fide* purchaser, for a valuable consideration. It was *held*, that the prior assignment was fraudulent, and that it was void, under *St. 27 Eliz. c. 4*, as against such subsequent purchaser.

WRIT of entry, to recover the possession of certain mortgaged premises.*

The tenant pleaded the general issue ; also, a special plea in bar, setting forth a mortgage of the demanded premises, made by the tenant to Charles Newcomb, a conveyance by Newcomb of his interest therein to Thomas Tirrell, the death of Newcomb, and the subsequent conveyance of the same premises to the demandant by Lemuel Brackett, the administrator of the estate of Newcomb.

The demandant replied, that the conveyance of the demanded premises by Newcomb to Tirrell, was made without any valuable consideration, and with the intent to defraud the creditors of Newcomb, and such persons as should subsequently purchase the premises ; that it was accepted by Tirrell, well knowing the intent and purpose of the conveyance ; and that the conveyance subsequently made by Brackett to the demandant, was made *bonâ fide*, and for a valuable consideration paid by the demandant.

To this replication, the tenant rejoined, that the conveyance by Newcomb to Tirrell was not made and accepted with the intent to defraud the creditors of Newcomb, and such persons as should subsequently purchase the same premises, and thereupon tendered an issue to the country, which was joined.

---

* See *Clapp* v. *Tirrell*, 20 Pick. 247.

Clapp
*v.*
Leatherbee.

At the trial, before *Morton* J., it appeared, that the mort-gage by the tenant to Newcomb was dated June 5th, 1826, and was given to secure the payment of his promissory note, of the same date for the sum of $ 500, payable to Newcomb or his order in four years, with interest annually.

The demandant offered in evidence an assignment of the mortgage, dated July 27th, 1835, and executed by Brackett, the administrator of Newcomb, and proved that he paid the consideration expressed in the assignment, but he did not produce the promissory note.

The tenant offered in evidence an assignment by Newcomb to Tirrell, of the same mortgage, dated July 13th, 1831, and purporting to be made in consideration of the payment by Tirrell to Newcomb, of the principal and interest due on the mortgage. This deed was duly recorded on the day of its date.

The judge ruled, that this was a sufficient answer to the demandant's claim, under the general issue.

The demandant then offered in evidence a writ, dated June 30th, 1831, issued in favor of H. D. Cushing against Newcomb, claiming damages to the amount of $ 3000, on the ground of defamation of the character of Cushing by Newcomb. It appeared, that the action was tried in the Court of Common Pleas ; that a verdict was rendered for Cushing for the sum of one dollar ; that Cushing appealed to this Court ; and that, at the November term thereof, in 1833, the action was dismissed, neither party appearing.

The tenant objected to the admission of this evidence, and of all other evidence offered for the purpose of proving that the assignment was made to defraud creditors and subsequent purchasers ; but the objection was overruled.

The demandant then introduced evidence tending to prove that the assignment from Newcomb to Tirrell was made for the purpose of defeating the judgment which Cushing might recover against Newcomb in the action of slander.

The estate of Newcomb was represented insolvent, but it appeared that it was solvent, the personal estate amounting to $ 3009, and the claims allowed by the commissioners of insolvency amounting to $ 295.

The judge instructed the jury in substance, that if it was proved to their satisfaction, that the assignment of the mortgage to Tirrell was made without consideration and for the purpose of defrauding Cushing, they should find the issues for the demandant, otherwise for the tenant.

The jury returned a verdict for the demandant. The tenant moved for a new trial, on the grounds that the jury were misdirected, and that the verdict was against the evidence.

The case was argued in writing.

*C. P. Curtis* and *B. R. Curtis,* for the tenant. 1. The instructions of the judge were erroneous. One of the issues was, that the assignment was made by Newcomb with intent to defraud his creditors and such persons as should subsequently purchase the premises. The finding of the jury on this issue, under the instructions of the judge, was, that the assignment was made for the purpose of defrauding Cushing alone, who was not a creditor of Newcomb, within the meaning of *St.* 13 *Eliz. c.* 5, nor a subsequent purchaser. *Fales v. Thompson,* 1 Mass. R. 136 ; *Jackson* v. *Ham,* 15 Johns. R. 261 ; *Jackson* v. *Cadwell,* 1 Cowen, 622. In fact, there was no evidence, that the assignment was made with intent to defraud any subsequent purchaser of Newcomb. There is no subsequent purchaser from Newcomb, and, as he is dead, there cannot be any. Roberts on Fraudulent Conveyances, 34, 35 ; *Jackson* v. *Ham,* 15 Johns. R. 261.

2. The instructions were erroneous, because the administrator of Newcomb had no right by force of the *St.* 27 *Eliz. c.* 4, which relates to subsequent purchasers, to make sale of the debt due from the tenant and of the mortgage collateral thereto. The debt was personal property, and by *St.* 1788, *c.* 51, mortgages in the hands of executors and administrators are made personal estate to all intents and purposes. *Smith* v. *Dyer,* 16 Mass. R. 18. Unless the debt is transferred, no action can be maintained on the mortgage. *Wade* v. *Howard,* 11 Pick. 289. And a transfer of a debt secured by mortgage entitles the assignee to the benefit of the mortgage, without an actual assignment of the mortgage. *Crane* v. *March,* 4 Pick. 131. The *St.* 27 *Eliz. c.* 4, does not extend to personal estate. *Daubeny* v. *Cockburn,* 1 Merivale, 635 ; *Jones* v. *Croucher,* 1 Sim. & Stuart, 315 ; Sugden on Vendors, 648

We deny, that a purchaser from an executor or administrato. is within the statute.

3. The instructions were erroneous, because a negotiable note secured by a mortgage of real estate, of which the mortgagee has not taken possession, is not liable to attachment by creditors on mesne process or execution ; and consequently there cannot be a transfer of it, with intent to defeat or delay creditors, so that the same may be avoided *at law*, whatever may be done by a court of chancery. 1 Story on Equity, § 367, and cases there cited.

4. The instructions were erroneous, because even if the assignment was fraudulent as to creditors, it was good as to the assignor and all claiming under him. 1 Story's Equity, § 371, 425 ; Robert's on Fraudulent Conveyances, 641, 646 ; *Hawes* v. *Leader*, Yelverton, 196 ; *Packham's Case*, 6 Co. 18 ; *Osborne* v. *Morse*, 7 Johns. R. 161 ; *Drinkwater* v. *Drinkwater*, 4 Mass. R. 360.

As the personal estate of Newcomb is more than sufficient to discharge all the debts and charges of administration without this debt of the tenant, the creditors are in no way prejudiced or injured by the transfer to Tirrell ; and the administrator, in making sale of it to the demandant, acted as the agent of the *heirs* of Newcomb, and not of the creditors. *Drinkwater* v. *Drinkwater*, 4 Mass. R. 360. The present action is, therefore, an attempt by the heirs of Newcomb, through the instrumentality of the administrator, to defeat a conveyance, by which *he* chose to be bound, and to reclaim property, which he, the lawful owner, chose to give away. If the heir may sell the property to a purchaser, because the original transfer was fraudulent as *against subsequent purchasers*, what length of acquiescence would make the title under such a transfer valid, and prevent any, however remote, heir of Newcomb from setting up the same claims as the *immediate* heirs now do, provided the estate happens to remain in the family of Tirrel ?

*Leland, contrà.* The demandant purchased the mortgage, *bonâ fide* and for a valuable consideration ; and the jury have found, under the direction of the judge, that the prior conveyance of the mortgage by Newcomb to Tirrell was made without consideration, and with a fraudulent intent. It was neces

sary that all this should be proved, under the second issue, notwithstanding the form in which it was taken, was, that the conveyance from Newcomb to Tirrell was made with intent to defraud subsequent purchasers. The demandant did not claim to be a creditor, and the allegation, that the conveyance was made to defraud creditors, was not a material part of the issue.

1. The instructions of the judge were correct, because all prior conveyances of real estate, without a valuable consideration, are deemed, in law, to be made with intent to defraud such persons as subsequently purchase the same premises *bonâ fide* and for a valuable consideration. *Otley* v. *Manning*, 9 East, 59 ; *Doe* v. *James*, 16 East, 212 ; *Doe* v. *Martyr*, 4 Bos. & Pull. 332 ; *Buckle* v. *Mitchell*, 18 Ves. 100 ; *Sterry* v. *Arden*, 1 Johns. Ch. R. 261 ; *Doe* v. *Routledge*, Cowp. 705 ; *Ricker* v. *Shaw*, 14 Mass. R. 137 ; *Sexton* v. *Wheaton*, 8 Wheaton, 229 ; *Verplank* v. *Sterry*, 12 Johns. R. 536 ; *Seward* v. *Jackson*, 8 Cowen, 406 ; *Jackson* v. *Peck*, 4 Wend. 300 ; *Cathcart* v. *Robinson*, 5 Peters's Sup. Court R. 281 ; *Jackson* v. *Meyers*, 18 Johns. R. 425 ; *Damon* v. *Bryant*, 2 Pick. 411 ; Story's Equity, § 352, 361 ; *Read* v. *Livingston*, 3 Johns. Ch. R. 500 ; *Richardson* v. *Smallwood*, Jacob, 552 ; *Halloway* v. *Millard*, 1 Madd. R. 414.

2. The instructions were correct, because a conveyance of real estate fraudulently made by a man in his lifetime, is deemed to have been made with the intent to defraud such persons as purchase the same premises, *bonâ fide* and for a valuable consideration, after his decease, of those who succeed to his rights in the estate. *Burrel's case*, 6 Co. 72 ; Sugden on Vendors, 431 ; Atherly on Marriage Settlements, 202, 206 ; Roberts on Fraud. Convey. 384.

3. A mortgagee is a purchaser within the meaning of *St.* 27 *Eliz. c.* 4. *Newport's case*, Skinner, 423 ; Roberts on Fraud. Convey. 372 ; *Chapman* v. *Emery*, Cowp. 278. The assignment of the mortgage by Newcomb to Tirrell, with a fraudulent intent, was therefore void with regard to the demandant.

4. The *St.* 1788, *c.* 51, § 1, declares, that debts secured by mortgage of real estate, and the estates mortgaged, shall be assets in the hands of executors and administrators, as persona estate. But the nature of such property remains unchanged

Clapp
v.
Leatherbee.

it is no otherwise personal estate than other chattels real.   Es-
tates for years are within the *St. 27 Eliz. c.* 4,   *Goodright*
v. *Moses*, 2 W. Bl. 1019.

5.  As mortgages are within the *St.* 27 *Eliz. c.* 4, the notes,
which they are given to secure, must be also within the statute.
But if it should be otherwise considered by the Court, it would
be no defence to this action, that the mortgage belonged to one
person, and the note to another.    *Crane* v. *March*, 4 Pick.
131.    That is a question exclusively between the assignee of
the mortgage and the holder of the note.    If the holder of the
note has obtained it honestly, he can compel the assignee of
the mortgage to account to him for the value of the estate after
it is recovered ; but if fraudulently, he cannot recover any
thing of the assignee.

6.  The demandant contends, that the administrator of New
comb had the same authority over the mortgage which New-
comb, by a fraudulent assignment, had previously conveyed, as
Newcomb himself had.    Neither of them could call in ques-
t'on the prior assignment, but either of them could give a good
title to a *bonâ fide* purchaser of the mortgage for a valuable
consideration.

*July* 2*d.*

WILDE J. delivered the opinion of the Court.    This case
comes before us on an exception to the charge of the judge
to the jury, and also on a motion to set aside the verdict, be-
cause it is not sustained by the evidence.    The jury were in
structed, that if it was proved to their satisfaction, that the as-
signment to Tirrell was made without consideration, and for
the purpose of defrauding Cushing, they should find the issues
for the demandant.

The counsel for the tenant contends, that this instruction
was erroneous, because Cushing was not a creditor of New-
comb, and could not be defrauded by the assignment of the
mortgage to Tirrell.

On the other hand, the counsel for the demandant insists, that
a mere voluntary conveyance without consideration, is, in law,
deemèd fraudulent as against subsequent *bonâ fide* purchaser
for a valuable consideration.    And this position is fully main
tained by the English authorities.    Previously to the case of
*Otley* v. *Manning*, 9 East, 59, this point was involved in not

a little doubt by conflicting decisions, which are very fully reviewed and considered by Lord *Ellenborough*, and in conclusion he remarks : " Thus stand the authorities on both sides of the question, and the weight, number and uniformity of those which establish the point contended for on behalf of the plaintiff, do, in our opinion, very much preponderate." The same doctrine is contended for by the demandant in the present case ; so that the decision in *Otley* v. *Manning* is directly in point, and fully sustains the position taken on behalf of the demandant. It was there decided, that a voluntary settlement of lands made in consideration of natural love and affection, is void as against a subsequent purchaser for a valuable consideration, though with notice of the prior settlement, and although the settler was not indebted at the time, and no fraud in fact was intended ; for the law, it was held, would presume fraud, upon the construction of the *St*. 27 *Eliz. c.* 4, without admitting such presumption to be contradicted ; and that a different construction would have so narrowed the operation of the statute, as to leave the persons meant to be protected by it subject to almost all the mischiefs intended to be guarded against. And " certainly," says Lord *Ellenborough*, " it is more fit, on the whole, that a voluntary grantee should be disappointed, than that a fair purchaser should be defrauded."

But although the construction of the statute respecting conveyances merely voluntary, is thus settled in England, we do not decide the case on this point ; because we are of opinion, that the assignment of the mortgage to Tirrell was not merely voluntary, but fraudulent ; and if so, then it is clearly void, according to all the authorities ; for in most, if not all the cases, in which it has been held that a voluntary conveyance may be good against a subsequent purchaser for a valuable consideration, the first conveyance was not merely voluntary, but was founded on a good or a valuable consideration. Such are the cases noticed by Lord *Mansfield*, in *Cadogan* v. *Kennett*, Cowp. 434, and in *Doe* v. *Routledge*, Cowp. 7. 5. These cases are generally founded on voluntary family settlements, made *bonâ fide*, and, as Lord *Mansfield* expresses it, without any imagination of fraud. But all the cases admit, that if there is any fraud in a voluntary conveyance, or it is merely colora-

ble, it can never be set up against a subsequent purchaser for a valuable consideration. Now it is clear from the evidence, that the assignment of the mortgage to Tirrell was colorable, covenous and fraudulent. There is not the slightest evidence to show that it was intended as a gift, but merely to enable Newcomb more easily and effectually to avoid the judgment which Cushing might recover against him in the action then pending. This was a fraudulent and iniquitous purpose, and the assignment was void as against Cushing, both by the principles of the common law, and by the *St.* 13 *Eliz. c.* 5. It has been argued that Cushing was not a creditor, and, therefore, the assignment was not fraudulent under the statute. But this position cannot be maintained. The statute declares void all feigned, covenous and fraudulent conveyances, made with the intent to delay, hinder or defraud creditors, *or others*, of their just and lawful actions, suits, debts, accounts, damages, penalties, forfeitures, heriots, mortuaries and reliefs ; not only to the let or hindrance of the due course of law and justice, but also to the overthrow of all true and plain dealing.

This assignment then was clearly fraudulent, feigned, and covenous, and is therefore void as to subsequent purchasers, by the clear construction of the *St.* 27 *Eliz. c.* 4.

It has been argued, that the demandant is not a purchaser within this statute, because it relates only to real estate, and that mortgages are made personal property by the *St.* 1788, *c.* 51, § 1 ; but the statute only provides, that mortgages on real estate shall be assets in the hands of executors and administrators as personal estate, and shall not descend to the heirs. But although it is thus to be treated as personal estate, it is clearly real estate, because in a court of law the mortgagee is considered as the owner of the land, and by the same section, the administrator or executor may bring a real action to recover seisin or possession. Again, it is denied, that a purchaser from an executor or administrator is within the *St.* 27 *Eliz.* ; but we can perceive no difference between the rights of such a purchaser, and of one who had purchased of the testator or intestate ; and *Burrel's case*, 6 Co. 72, is decisive on this point. It is there laid down, " that if the father makes a lease, by fraud and covin, of his land, to defraud others to whom

Clapp
*v.*
Leatherbee.

he shall demise or sell it, (as all fraudulent leases should be so intended,) and before the father sells or demises it he dies ; and the son knowing, or not knowing, of the said lease, sells the land on good consideration ; in that case, the vendee shall avoid that lease by the said act ; for, inasmuch as it is intended and presumed in law, that every fraudulent lease is made to the intent generally to defraud purchasers, farmers, &c., within this generality every particular purchaser, farmer, &c. is included ; and the said act is very well penned, for the words of the act are general ; and it is not necessary that he who sells the land should make the former fraudulent estate or incumbrance ; but be the estate, &c. fraudulent *ut supra*, whoever sells (makes) it the purchaser shall avoid such fraudulent estate, &c."

Upon these grounds we are of opinion, that the instruction to the jury was correct ; and it is manifest that the evidence fully sustains the verdict. The non-production of the note secured by the mortgage could only avail the tenant as evidence of payment ; and as that ground of defence was not set up at the trial, the objection comes too late. Nor can the other objection to the verdict as to the second issue, prevail ; for admitting that there was no evidence that the assignment to Tirrell was fraudulent against creditors, still the verdict is substantially, though not literally, correct. The part of the issue as to creditors was immaterial, for as the jury were justified in finding that the assignment was void as against subsequent purchasers, the other part of the issue becomes unimportant.

Upon the whole matter, therefore, we are of opinion, that the demandant is entitled to judgment.